JOHN M. BURKE, RESPONDENT, *v.* OSSIAN D. ASHLEY, APPELLANT.

*Section* 162 *of the Code — what instrument sufficient to set forth a cause of action under.*

Under section 162 of the Code — providing that, in an action or defense founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon, from the adverse party, a specified sum which he claims — it is not necessary that the instrument should contain an express promise to pay; it is enough that it be one from the production of which, and proof of its execution, the law implies such a promise.

APPEAL from an order granting a judgment on the ground of the frivolousness of the demurrer to the complaint.

The amended complaint in this action alleged that the defendant with others named, made a certain promissory note or instrument in writing, of which the following is a copy:

"NEW YORK, *Jan'y* 11, 1870.

"We, the undersigned, Ossian D. Ashley, of New York, William Wetherbee and Gavin H. Watson, both of Brooklyn, N. Y., for value received, do hereby jointly and severally acknowledge ourselves to be indebted to John M. Burke, of New York, in the sum of fifty thousand dollars, lawful money of the United States.

"O. D. ASHLEY,
"WM. WETHERBEE,
"GAVIN H. WATSON,

"Witness, FRANK S. PARSELLS,
"Witness, M. B. VAN ZANDT,"

and duly delivered the same to the plaintiff; that plaintiff is now the lawful owner and holder of the same, and that there is now due to the plaintiff from defendant a specified sum which he claims. The defendant demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff then moved for judgment on the demurrer, as frivolous, and the Special Term granted the motion.

*James C. Carter*, for the appellant. The complaint in this suit cannot be maintained, unless the instrument set forth in it creates an obligation to pay the money sought to be recovered, or, in other words, unless the instrument is a promissory note, for it cannot be pretended that it creates an obligation in any other form. Plainly, it is not a promissory note. The following are instances where the so-called due bills have been held to be promissory notes, because containing words of equivalent import to "promise:" *Ellis* v. *Mason* (7 Dowl. P. C., 598); *Green* v. *Davies* (4 B. & C., 235); *Morris* v. *Lee* (2 Ld. Raym., 1396); *Casborne* v. *Dutton* (Sclw. N. P., 395); *Ellison* v. *Collingridge* (9 C. B., 570); *Kimball* v. *Huntington* (10 Wend., 675); *Franklin* v. *March* (6 N. H., 364) *Carver* v. *Hayes* (47 Me., 257). But this instrument contains no words expressing or importing a promise. The instrument is

nothing but a naked confession of indebtedness, and its utmost capacity is to support, as evidence, an allegation of indebtedness. The following authorities clearly show that no instrument can be held to be a promissory note which does not contain an express promise to pay money, or words of negotiability, which are regarded as equivalent to promissory words: *Currier* v. *Lockwood* (40 Conn.); Bayley on Bills (5); Byles on Bills (10); 1 Parsons' Notes and Bills (24); *Fisher* v. *Leslie* (1 Esp., 426); *Melanotte* v. *Teasdale* (13 M. & W., 216); *Israel* v. *Israel* (1 Camp., 499); *Tompkins* v. *Ashby* (6 B. & C., 541); *Childers* v. *Boulnois* (D. & R. N. P. C., 8); *Horne* v. *Redfearne* (4 Bing. [N. C.], 433); *Gould* v. *Coombs* (14 L. J. C. P., 175); *Read* v. *Wheeler* (2 Yerg., 50); *Gray* v. *Bowden* (23 Pick., 282); *Davis* v. *Allen* (3 N. Y., 168); *Sibree* v. *Tripp* (15 M. & W., 23); *Smith* v. *Allen* (5 Day, 337); *Bowles* v. *Lambert* (54 Ill., 237). The complaint cannot be defended under section 162 of the Code. The "instruments in writing" mentioned in this section are those which create, like a bond, note or bill of exchange, the obligation sought to be enforced. (*Alder* v. *Bloomingdale*, 1 Duer, 601; *Andrews* v. *The Astor Bank*, 2 id., 629; *Spear* v. *Downing*, 22 How. Pr., 30; *Prindle* v. *Caruthers*, 15 N. Y., 425.)

*F. F. Marbury*, for the respondent. Complaint set forth a good cause of action under section 162 of the Code. (*Alder* v. *Bloomingdale*, 1 Duer, 601; Moak's Van Santvoord's Pl., 177–182; *Chappell* v. *Bissell*, 10 How. Pr., 275; *Conkling* v. *Grandall*, 1 Keyes, 231; *Prindle* v. *Caruthers*, 15 N. Y., 429; *Butchers and Drovers' Bk.* v. *Jacobson*, 15 Abb. Pr., 218.) The demurrer admits the indebtedness, and that it is due and unpaid. The objection that the paper is not a promissory note within the Statute of Ann, even if it were well founded, is not at all decisive or important. But this instrument is a promissory note. (*Kimball* v. *Huntington*, 10 Wend., 675; Edwards on Bills, 125; *Russell* v. *Whipple*, 2 Cow., 536; *Fleming* v. *Burge*, 6 Ala., 373; *Jacquen* v. *Warren*, 40 Ill., 459.) An express promise to pay is not necessary. (*Russell* v. *Whipple, supra; Kimball* v. *Huntington, supra.*) An acknowledgment of indebtedness, on its face, implies a promise to pay to the plaintiff. (*Kimball* v. *Huntington, supra;* Chitty on Bills, 41, 324,

334, and cases cited.) A covenant to pay will be implied from the mere acknowledgment of an existing indebtedness. (*Thayer* v. *Marsh*, 11 Hun, 503; *Elder* v. *Rouse*, 15 Wend., 219.)

DAVIS, P. J.:

The complaint in this case was drawn under section 162 of the former Code. It sets forth *in hæc verba* the instrument on which the action is brought by giving a copy thereof, and alleges the amount claimed to be due thereon. We think the instrument set forth is one which could be pleaded in the form allowed by that section of the Code. It is not necessary that the instrument should contain an express promise to pay. It is enough that it be one from which upon the production and proof of the execution of the instrument, the law implies a promise.

The order below was correct and should be affirmed with costs and disbursements.

The defendants may, however, answer over, on the payment of costs of this court and of the court below, to be adjusted within twenty days after service of a copy of the order to be entered hereon.

BRADY and INGALLS, JJ., concurred.

Order affirmed with costs and disbursements, with leave to defendant to answer over on payment of costs of this court and of the court below, to be adjusted within twenty days after service of a copy of the order to be entered hereon.